## STATE, FOR THE USE OF QUINCY CRAM, DRAINAGE COMMISSIONER, *v.* ELLIOTT ET AL.

[No. 4,739.    Filed March 17, 1904.]

DRAINS.—*Assessment of Lands in Adjoining County.*—Where a ditch is established in one county, and is wholly located there, but so near the county line that lands in an adjoining county are benefited, the land so benefited in such other county may be assessed to pay for the cost of its construction. *p. 606.*

SAME.—*Action to Collect Assessment.*—An action to collect an assessment of benefits to land must be brought in the county where the land is situated, although the entire ditch lies and the proceedings to establish it were brought in the adjoining county. *pp. 606, 607.*

From Marshall Circuit Court; *A. C. Capron*, Judge.

Action by the State, for the use of Quincy Cram, Drainage Commissioner of Starke county, against Daniel A. Elliott and others. From a judgment in favor of defendants, plaintiff appeals. *Reversed.*

*G. W. Beeman*, *J. C. Fletcher* and *H. A. Logan*, for appellant.

*W. B. Hess*, for appellees.

HENLEY, C. J.—This action was commenced by appellant to enforce the payment of a ditch assessment. The question presented for determination by this appeal is, had the circuit court of Starke county, Indiana, jurisdiction to assess benefits to lands situated in Marshall county, Indiana? The question was presented by an answer which was held sufficient as against appellant's demurrer addressed thereto.

The facts, as we gather them from the record in this appeal, are that the ditch, for the construction of which the land in Marshall county was assessed, was wholly located in the adjoining county of Starke; that the source of the ditch was so near to the county line dividing the counties of Starke and Marshall that its effect was to drain and benefit

lands in Marshall county, and the lands so benefited were assessed for the construction of the ditch.

We think the Supreme Court has settled the question presented by this appeal in favor of appellant. In *Crist* v. *State, ex rel.*, 97 Ind. 389, the court held that the commissioner of drainage of Huntington county had authority to assess lands in Grant county affected by a ditch constructed in Huntington county, the court saying: "The further point is made that the commissioner of drainage of Huntington county had no authority to assess land affected by such ditch in Grant county. We think otherwise. The statute clearly authorizes the construction of a ditch affecting lands in different counties by a single commissioner of drainage." To the same effect, see, also, *Denton* v. *Thompson*, 136 Ind. 446; §§5623, 5625, 5627, 5629 Burns 1901.

The case of *Denton* v. *Thompson*, *supra*, holds that whether the construction of a public drain be under the authority of the circuit court or of boards of commissioners, if the drain extends into two or more counties, it must be considered as a unit throughout its whole extent, and the proceeding must be under one authority. This must necessarily be the mode of procedure, because if more than one board of commissioners or court could take jurisdiction of different parts of a drain, one court or board of commissioners might order its construction, while another might determine that the part of the drain over which it had jurisdiction should not be established, and thus defeat the whole purpose of the law. The same reasoning must prevail where the source of a drain, all of which is constructed in one county, is so close to an adjoining county as beneficially to affect lands lying in the adjoining county. If this were not true, the lands benefited in the adjoining county would escape their just share of the expense of constructing the drain. It has never been doubted, in actions for partition, that the court in the county where the action was commenced, and in which a part of the real estate sought to

be affected by the proceeding was situated, had jurisdiction. to try and determine the action, even though lands in many other counties in the State were included.  The court in which the proceeding is commenced has and retains jurisdiction over all lands affected by the action, and this was what the legislature intended should be the effect of the statutes authorizing the construction of public drains.  The action to collect a ditch assessment must be brought in the county where the land affected is situated.  *Dowden* v. *State, ex rel,* 106 Ind. 157.  This the appellant has done. But the jurisdiction to assess benefits upon all the lands affected by the construction of a drain, like the one in the case at bar, whether the lands be in one or more counties, must be in the drainage commissioner of the court or board of commissioners of the county in which the proceeding to establish the drain originated.  The demurrer to the second paragraph of appellee's answer should have been sustained.

Judgment reversed, with instructions to the trial court to sustain the demurrer to the second paragraph of answer, and for further.proceeding in accordance with this opinion.