[File No. 7067]

CAVALIER COUNTY, NORTH DAKOTA, a Public Corporation, Respondent, v. JOHANNES GESTSON, et al., The Bank of North Dakota, Agent for the State Treasurer as Trustee for the State of North Dakota, the State of North Dakota doing business as the Bank of North Dakota, Appellants.

(31 NW2d 787, 2 ALR2d 1254)

Opinion filed January 8, 1948. Rehearing denied April 5, 1948

*Nels G. Johnson,* Attorney General; *Robert Birdzell,* Assistant Attorney General, for appellants.

*Snowfield & Snowfield,* for respondent.

BRODERICK, District Judge. This is an appeal from an order of the District Court of Cavalier County, denying a motion for change of venue from the District Court of Cavalier County to the District Court of Burleigh County, which motion for a change of venue was made by one of the defendants, Bank of North Dakota, agent for the State Treasurer as trustee for the State of North Dakota and the State of North Dakota doing business as the Bank of North Dakota.

The action was brought by Cavalier County, North Dakota, a public corporation as plaintiff against Johannes Gestson, Helge Laxdal, The Bank of North Dakota agent for the State Treasurer as trustee for the State of North Dakota and the State of North Dakota doing business as the Bank of North Dakota, defendants, for the purpose of having the taxes assessed against a certain tract of land situated in Cavalier County, North Dakota, declared and adjudged to be valid liens upon such land.

The complaint alleges that prior to and on the 30th day of September, 1937, the Bank of North Dakota, as agent for the State Treasurer, was the owner of the land described in the complaint and that on said date the Bank of North Dakota, as such agent, sold the premises to the defendants, Johannes Gestson and Helge Laxdal. That upon such sale the premises became subject to the general taxes for the years 1938, 1939, 1940, and 1941, as well as for other years. That Cavalier County was not informed of such sale and had no knowledge thereof and that the sale agreement was not filed in the office of the Register

of Deeds of Cavalier County. That on or about the 19th day of September, 1941, approximately four years after the alleged sale the Bank of North Dakota, as such agent, presented to the Board of County Commissioners of Cavalier County a request for the abatement of taxes upon said premises for the years 1939 and 1940, which request set forth, among other things, that the State Treasurer was then, and for many years prior thereto had been, and until the date of the application was, the owner of said premises. That upon such representation the Bank of North Dakota requested an abatement of taxes for said years of 1939 and 1940 and that the plaintiff, relying upon such representations and believing them to be true, and for that reason only, on the 4th day of November, 1941, made its Order approving such request for abatement for said years 1939 and 1940, as appears from the records of the plaintiff county and the defendant Bank of North Dakota. The complaint concludes with the statement that the application was fraudulent in that the fact of the sale to the defendants, Johannes Gestson and Helge Laxdal, and the fact that they were the owners of the land at the time of such application for abatement, were concealed. The prayer of the complaint asks for a judgment that the taxes for the years 1939 and 1940, upon the premises described, be declared a legal and valid lien upon the premises, as provided by law and that the purported order of abatement be set aside, cancelled and declared null and void.

Upon the Service of the summons and complaint in said action the Bank of North Dakota, through its attorneys, served upon the plaintiff a motion for a change of venue, basing the motion upon the provisions of § 6–0927 of the Rev Code of North Dakota for 1943, which reads as follows:

"Civil actions may be brought against the state of North Dakota on account of causes of action claimed to have arisen out of transactions connected with the operation of the Bank of North Dakota upon condition that the provisions of this section are complied with. In such actions, the state shall be designated as 'The State of North Dakota, doing business as The Bank of North Dakota,' and the service of process therein

shall be made upon the manager of the Bank. Such actions may be brought in the same manner and shall be subject to the same provisions of law as other civil actions. Such action shall be brought, however, in the county where the Bank of North Dakota shall have its principal place of business, except as provided in sections 28–0401, 28–0402, 28–0403, 28–0404 and 28–0406. The provisions of sections 54–1401 and 54–1406 shall not apply to claims against the state affected by the provisions of this section."

Section 28–0401, being one of the exceptions referred to in § 6–0927, reads as follows:

"Venue of Actions relating to Real Property.

An action for any one of the following causes must be brought in the county in which the subject matter of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial upon agreement of counsel or in other cases provided by statute.

(1) For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest."

Under the modern practice, the venue of civil actions is ordinarily fixed by constitutional and statutory provisions in the various states. 67 CJ 21, § 25; 25 Standard Enc Proc p 864. Generally, the laws of the various states divide actions into three general classes: "Those which must be tried in the county in which the subject of the action or some part thereof is situated; those which must be tried in the county where the cause or some part thereof arose; and those which must be tried in the county in which the defendants or some of them reside at the commencement of the action, subject, in each case, however, to the power of the court to change the place of trial as provided by law." 25 Standard Enc Proc pp 866, 867.

"At common law, and under the statutes in most states, the venue of an action involving the determination of the title to land or a right or interest therein is fixed in the county in which the subject of the action or some part of it is situated." 67 CJ p 52, § 65.

In the Rev Codes of Dakota, 1877, the Legislative Assembly of the Territory of Dakota provided that an action "For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, in the cases provided by statute." Rev Codes, Dakota 1877, Code of Civil Procedure, §§ 92–95.

This provision remained a part of the laws of the Territory of Dakota and became part of the laws of the State of North Dakota and was embodied in the various compilations and codes without change.

As was said by the Supreme Court of Nebraska in considering a similar question:—

"It is clear from the above quoted provisions of the statutes, and others to which reference will be made, that the legislative intent is generally that the venue of actions involving the determination of the title to land, rights and interest therein and damages thereto, shall be in the county wherein the land lies, and that the location of the land is a superior consideration to the location of the parties in determining the proper venue for such actions." State ex rel. Johnson v. Central Nebraska Pub. Power & Irrig. Dist. 140 Neb 471, 300 NW 379, 381.

What the Nebraska court said is applicable in this case.

In the statute relating to the venue of actions against the state doing business as the Bank of North Dakota, the Legislature specifically provided that such statute should not apply to an action "For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest", and that the venue of any such action should continue as provided in ND Rev Code 1943, § 28–0401.

This action is in no sense personal. Wilson v. Kryger, 29 ND 28, 34, 149 NW 721. The sole purpose and object of the action is to have the general taxes that were assessed and levied against the land for the years 1939 and 1940 established as, and adjudged to be, first liens upon the land. This is the whole relief

sought. No personal judgment is sought against any of the defendants. The allegations relating to misrepresentations, which it is said were made in obtaining abatement of the taxes, are merely incidental to obtaining an establishment of the liens for the taxes. It is not sought to recover damages for any fraudulent representations. If the county is successful in this action, it will have liens against the land for the amount of the taxes that were assessed and levied against it for the years 1939 and 1940. These liens will be enforceable as other liens for taxes against real property. They will be enforceable against the land alone, and will constitute no charge against any of the defendants personally.

If the liens are established they will operate directly upon the real property. 25 Standard Enc Proc p 874. They will not be enforceable against the defendants personally but will be enforceable against the real property alone. They will become a charge upon,—liens against—the land and enforcement of the liens may result in a change of title. Dowden v. State, 106 Ind 157, 6 NE 136, 139; State ex rel. Kirkwood v. Reynolds, 265 Mo 88, 175 SW 575.

The action is one for the determination of a right or interest in real property and the venue of such action is fixed by ND Rev Code 1943, § 28–0401 and lies in the county in which the land is situated.

The order of the district court of Cavalier County denying the motion for change of venue of the defendants, Bank of North Dakota, agent for the Treasurer as trustee for the State of North Dakota and the State of North Dakota doing business as the Bank of North Dakota, is therefore affirmed.

CHRISTIANSON, Ch. J., and BURKE and NUESSLE, JJ., concur.

BURR and MORRIS, JJ., did not participate.

BRODERICK, District Judge. Defendants have petitioned for rehearing. The petition is in effect a reargument of the case. It is contended that the court was in error in holding that it

is an action to declare and establish a lien. It is further contended and argued that a lien is not an estate or interest in land and consequently that this action is not one which falls within the provisions of ND Rev Code 1943, § 28–0401.

The allegations of the complaint and the prayer for relief as summarized in the former opinion show that the purpose of the action and indeed the sole relief sought is to have certain taxes "assessed against a certain tract of land situated in Cavalier County, North Dakota, declared and adjudged to be valid liens upon the land." Specifically in the complaint, "Plaintiff prays for Judgment as follows: That the taxes for the years 1939 and 1940 upon the premises described in the complaint herein be declared a legal and valid lien upon the said premises as provided for by law and that the purported order of abatement be set aside, cancelled and declared null and void."

The defendants have cited authorities in support of the contention that a lien is not an estate or interest in land. Few of the authorities cited involve a question of venue. None of them seem to have been decided under a statute like ours. Most of the cases involve liens to secure the payment of a certain indebtedness. Cases where the debt was the principal thing and the lien the incident. Among the cases cited are Smith v. Barr, 76 Minn 513, 79 NW 507, and State ex rel. Child v. District Ct. 85 Minn 283, 88 NW 755. In each of these cases, as pointed out by the Supreme Court of Nebraska, the primary object was relief against the person with the real estate merely incidentally affected. See Stuckey v. Stuckey, 143 Neb 610, 616, 617, 10 NW 2d 458, 461.

In considering the effect of the various holdings in Minnesota relating to venue the Supreme Court of that state in State ex rel. Nyquist v. District Ct. 164 Minn 433, 205 NW 284, said:

"The prior decisions may not be entirely consistent in all respects, yet they establish these general rules: That, where the subject-matter of an action is land only, and the primary and principal relief sought relates to the land, the action is local and must be tried where the land is situated; that, where the subject-matter is a contract, and the primary and principal

relief sought is to enforce it, or to determine the rights and obligations growing out of it, or to have it annulled as invalid, the action is transitory, and must be tried where the defendant resides, although it may also involve the determination of rights in or title to real estate."

The Supreme Court of Arkansas held that:

"If relief asked operates upon land itself, it is a 'proceeding in rem' and is a 'local action' which must be brought in county where land is situated." Bell v. Wadley, 206 Ark 569, 177 SW 2d 403.

"The nature of the action is local, and must be tried in the county where the land is situated, where it turns on the title to the property as distinct from the personal obligation, and the decree operates ex proprio vigore." Neet v. Holmes, 19 Cal 2d 605, 122 P2d 557.

In 40 Cyc p 58, it is said:

"The action must be brought where the land lies if these two things concur; (1) If the subject of inquiry is a right or interest in the land; and (2) if the judgment in the case will operate directly upon this right or interest."

In 40 Cyc p 63, it is said:

"The real question in all these cases is as to the true nature of the action: Does it turn on the personal obligation or on the title? Does it take immediate effect in personam or upon the interest in the land? And the test here is found, not in any formal characteristic, but in the substantial nature of the action as shown in the pleading, and the kind of judgment which may be rendered."

It will be noted that § 28–0401, supra, is not restricted to an action for the recovery of real property "or of an estate or interest therein." It provides further that it applies to an action "for the determination in any form of such right or interest."

"The clause relating to the recovery of real property or of an estate or interest therein also contains the provision 'or for the determination in any form, of such right or interest.' This is a broad provision which seems intended to cover other cases,

no matter what their form, which actually involve a real or substantial interest in real property although, technically, they may not fall within the classes which are specifically named." Kaluzok v. Brisson (Cal App) 161 P2d 64.

"It is significant that the coverage of the statutes includes a mere 'interest' as well as an 'estate' in lands. 'The word "interest" is the broadest term applicable to claims in or upon real estate. In its ordinary signification among men of all classes it is broad enough to include any right, title, or estate in, or lien upon, real estate. One who holds a mortgage upon a piece of land for half its value is commonly and truthfully said to be interested, to have an interest, in it.' Ormsby v. Ottman (CCA8th) 85 F 492, 497; 4 Words & Phrases, p 3699." Hatlestad v. Mutual Trust L. Ins. Co. 197 Minn 640, 268 NW 665, 667.

In this state "taxes upon real property are a perpetual paramount lien thereon against all persons, except the United States and this state." ND Rev Code 1943, § 57–0240.

In the case of Due v. Bankhardt, 151 Ky 624, 152 SW 786, the Supreme Court of Kentucky held,

"A lien on land is an 'interest in the land.'"

Tax certificates have been held to constitute an interest in land:

Absecon Land Co. v. Keernes, 101 NJ Eq 227, 137 A 429, 431; Clark v. Darlington, 7 SD 148, 63 NW 771, 772, 58 Am St Rep 835.

See also Dowdle v. Byrd, 201 Ark 775, 147 SW2d 343, 345.

"A lien is said to be a qualified right, which, in a given case, may be exercised over the property of another. Lickbarrow v. Mason, 6 East 20, note, 100 Eng Reprint 35, 4 ERC 756. It attaches to the subjects of property, and follows them in their transmission to others." Advance Thresher Co. v. Beck, 21 ND 55, 59, 128 NW 315, Ann Cas 1913B 517.

The Supreme Court of the United States in considering the nature and effect of a lien given by statute for labor performed or materials furnished in the construction or repair of a ship said that such lien is "really a property in the thing"; that it

is "a right of property, and not a mere matter of procedure"; that such lien "confers, however, upon its holder such a right in the thing, that he may subject it to condemnation and sale to satisfy his claims or damages. . . . The only object of the proceedings *in rem* is to make this right, where it exists, available— to carry it into effect. It subserves no other purpose." The J. E. Rumbell, 148 US 1, 10–12, 37 L ed 345, 346, 347, 13 S Ct 498.

In Clark v. Dennis, 172 Ark 1096, 291 SW 807, the Supreme Court of Arkansas held that a suit to impose a lien on an oil and gas lease is not a transitory but a local cause of action properly brought in the county where the land is located.

In Miles v. Martin, 103 Neb 261, 171 NW 907, the Supreme Court of Nebraska held that the venue of an action to establish a lien in the nature of an equitable mortgage is in the county where the land is situated under the provisions of a statute similar to but somewhat more restrictive in language than Section 28–0401, supra. The Nebraska statute reads "for the recovery of real property or of an estate or interest therein" but does not contain the additional clause found in our statute "or for the determination in any form of such right or interest." Revised Statute Nebraska 1913, § 7612.

An action to determine adverse claims may be maintained by any person having an estate or interest in or lien or encumbrance upon real property whether in or out of possession thereof. ND Rev Code 1943, § 32–1701. There is no statute specifically fixing the venue of such an action. It has always been assumed that the venue in such action lies in the county in which the real property is situated. In other words, if a person having a lien upon a tract of land brings an action to determine adverse claims, the action must be brought in the county in which the land is situated.

The general taxes against the land which were cancelled by the Board of County Commissioners of the plaintiff county and which it is alleged were cancelled by the Board as a result of fraud or false representations will, if established, constitute a first lien upon the specific land in question. They will not

constitute a debt on the part of the defendants. The action is purely one in rem. If the taxes are established and the former abatements and cancellations are set aside they will constitute a first and paramount lien upon the property. They will be enforceable against the property alone and the judgment will in no sense operate upon the persons of any of the defendants.

We adhere to the views expressed in our original opinion. Such lien will constitute an interest in the land within the purview of the statute in question and the present action is one involving the determination in some form of such interest.

A rehearing is denied.

CHRISTIANSON, Ch. J., and BURKE and NUESSLE, JJ., concur.

BURR and MORRIS, JJ., did not participate.