323 P.2d 1099

**VALLEY COUNTRY CLUB, Inc., a New Mexico Corporation, Plaintiff-Appellee and Cross-Appellant,**

v.

**Savior MENDER, Defendant-Appellant and Cross-Appellee.**

No. 6297.

Supreme Court of New Mexico.

April 9, 1958.

Garland, Sanders & Martin, Las Cruces, Howard F. Houk, Santa Fe, for appellant.

Harry L. Bigbee, Donnan Stephenson, Matias A. Zamora, Harl D. Byrd, Santa Fe, for appellee.

McGHEE, Justice.

The appellee's right to lease a liquor license under the public policy of the state of New Mexico is challenged in this case, as well as the right of the District Court of Santa Fe county to determine the issues under our venue statutes over the protest of the appellant.

The appellee, Valley Country Club, the owner of a liquor license was enjoined from conducting gaming devices on the premises and their building was padlocked. Later, upon the execution of a bond the premises were opened and operated under Liquor License No. 329 by an employee who was unable to operate profitably.

Thereafter, an agreement called a "lease contract" covering the building and license was made with appellant and filed in accordance with the regulations of the Division of Liquor Control. At the expiration of the lease the lease was extended in a "rider to the lease contract" which contract was later breached by appellee in raising the rent and changing the appellant's status to a tenant from month to month. The appellant stayed on in his changed status for several months and then made application, as purported owner of Liquor License No.

329, to defendant, Hilton Dickson then Chief of the Division of Liquor Control to transfer the license to a new location.

On suit by appellee to have its rights in the license declared and to enjoin the appellant from transferring the license to a new location, the court found that the appellant held the license in trust and was obligated to reassign the license to appellee as appellant had no present right, title or interest in the license, and enjoined the appellant from acting to remove the license from the premises. The court below held the case moot as to defendant Dickson, as he was no longer Chief of the Division, but did not dismiss the case as to him.

The appellant urges as error that the venue of the action was in Dona Ana county, the county where the contract was made and to be performed and the appellant resided, rather than Santa Fe county, and that the "lease contract" could only be intended as a sale of the license to appellant as the public policy of this state prohibits the leasing of liquor licenses.

Although the statute, 21–5–1, NMSA 1953 Comp. provides that a suit can be brought where the contract was made or is to be performed, the same statute also provides that a suit can be brought against a non-resident in any county of the state, and at the time of bringing the suit the defendant Mender was a resident of Texas, even though he was served with process in Dona Ana county where, as above stated, the contract was made and to be performed. There is more than one place of possible venue under our statute and because the defendant was a non-resident the case could have been brought in any county in the state of New Mexico, and, therefore, venue was properly laid in the district court of Santa Fe county. Subdivision F of 21–5–1, NMSA 1953 Comp. State ex rel. Appelby v. District Court of Fifth Judicial District, 1942, 46 N.M. 376, 129 P.2d 338. It is, therefore, unnecessary to decide how venue was affected by the case becoming moot as to the defendant Dickson, but who was not dismissed as a party, and whose successor was not substituted in his stead.

The appellant urges that the public policy of the state precludes the contract being construed as a leasing although the contract explicitly states that it is a "lease contract" because of the provisions of 46–5–15(c), NMSA 1953 Comp.

"The licenses provided for in this act shall be assignable and transferable to persons who are found by the chief of division to have the qualifications to receive licenses in the first instance, and whose application for transfer and approval of assignment have been approved by the chief of division in writing. * * *".

Appellant urges that the words "assignable" and "transferable" mean a giving of one's complete interest and, therefore, exclude a leasing. Black's Law Dictionary, 4th Ed. defines the words as follows:

"assign: to transfer; as to assign property or some interest therein."

"transfer: v. to convey or remove from one place, person, etc. to another; pass or hand over from one to another. Specif. to make over the possession or control of (as to transfer a title to land; sell or give.)"

■ Unless the contrary appears, statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them. State v. Martinez, 1944, 48 N.M. 232, 149 P.2d 124, 155 A.L.R. 811, and such ordinary meaning would allow a licensee to transfer a part or the whole of his interest. Therefore, unless there is a greater inherent danger in leasing than selling there is no reason to interpret the statute contrary to its generally understood meaning. This question has never been decided in New Mexico.

Appellant urges that leasing is prohibited because of the danger of the lease getting into the hands of an unqualified person in violation of 46–5–1, NMSA 1953 Comp. which provides that the sale of alcoholic beverages shall be regulated and controlled to protect the public health, safety and morals and to that end the Chief of the Division shall investigate the qualifications of all license applicants.

■ The copy of the lease agreement was filed in accordance with the Liquor Division procedure for obtaining approval of a transfer of a license. These statutory provisions were interpreted by the Chiefs of the Division of Liquor Control at the different times material to this case as allowing the leasing of a liquor license and such interpretations are persuasive and will not be lightly overturned. Ortega v. Otero, 1944, 48 N.M. 588, 154 P.2d 252; City of Roswell v. Mountain States Telephone & Telegraph Co., 10 Cir., 1935, 78 F.2d 379. Many other states, including Michigan, Montana and Pennsylvania whose statutes use only the word, "transfer", allow leasing of licenses.

■ Every transfer of a license, whether a sale or a lease, is made subject to the approval of the Chief of the Liquor Division after a proper examination, and if the transferee is found to be one prohibited by the laws of New Mexico from holding a liquor license the transfer gives the transferee no interest in the license as against the state. The danger seen by the appellant is thwarted by the requisite investigation which provides the same safeguards for a lease as for a sale. Since all liquor li-

censes are held subject to approval upon examination by the Chief of the Division there is no more danger of an unqualified person holding such a license under a lease than under a sale.

■ In any event, there could have been no sale of the license as there was no consideration for a sale, the contract explicitly stated that it was a "lease contract" and appellant's attorney during the period of the lease assured the appellee that the license would be returned at the expiration of the lease. If leasing were against state policy as urged by the appellant then the attempted leasing was a nullity and the appellant at no time had any interest in the license, but a lease that fails does not become a sale.

■ Although the appellee had no vested rights in the license as against the state, Yarbrough v. Montoya, 1950, 54 N.M. 91, 214 P.2d 769, he has a right to the license as against his lessee after the termination of the lease.

■ Our holding that a liquor license can be leased in the state of New Mexico subject to the approval of the Chief of the Liquor Division in no way interferes with the exercise of the Division's statutory duties as we have only determined that appellant's interest has lapsed and that as between appellant and appellee, appellee has the better right to the license, but the Division is not hindered in revoking the license upon finding that appellee does not now meet the statutory requirements for holding a liquor license.

■ The appellee cross-appeals for costs and attorneys fees upon the finding of the lower court that the appellee by raising the rent agreed upon by the parties and changing appellant's status to a tenant from month to month cannot take advantage of the contract's provision that the appellant would pay any costs incurred by appellee in enforcing his rights under the lease. We see no error in this finding. Appellee by breaching the contract declared that the contract would no longer be in effect and he can not now seek to reeffectuate that part of the contract which allowed him costs and attorney fees. When appellant stayed on as a tenant from month to month a new contractual relationship sprang up, but appellee is claiming rights under the first contract which he voluntarily abandoned.

The judgment of the lower court is affirmed.

It is so ordered.

LUJAN, C. J., and COMPTON, J., concur.

SADLER, J., not participating.