348 P.2d 1002

STATE of New Mexico ex rel. Hilton A. DICKSON, Jr. (Substituted for Fred M. Standley), Attorney General of the State of New Mexico, Petitioner-Appellee,

v.

Kern ALDRIDGE (Substituted for William P. Kearns, Jr.), Chief, Division of Liquor Control, Bureau of Revenue, State of New Mexico, Respondent-Appellant.

No. 6552.

Supreme Court of New Mexico.

Feb. 5, 1960.

Bigbee & Stephenson, Santiago E. Campos, Richard H. Robinson, Santa Fe,

Timothy B. Keleher, Albuquerque, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., B. J. Baggett, Philip R. Ashby, Asst. Attys. Gen., for appellee.

MOISE, Justice.

This is an action brought by the Attorney General of the State of New Mexico asserting that the respondent, Chief of Division of Liquor Control of the State, had undertaken to reclassify an existing "club" license as a "dispenser's" license, and that he had no power under the law to do so. Petitioner asked the court to enjoin respondent from making the reclassification, and to cancel the license because it had not been used for a period of six months. The American Legion Post No. 34, Inc., the holder of the license in question, was permitted to intervene, as was Don Lee, who proposes to purchase said license.

After a hearing, the trial court ordered the license reinstated as a "club" license and enjoined respondent from thereafter reclassifying it, but refused to cancel it for non-use. Respondent and intervenors appealed from the order enjoining the reclassification as a "dispenser's" license and petitioner filed a cross-appeal from the court's refusal to cancel the license. However, the cross-appeal does not appear to have been perfected by the filing of briefs and a motion of cross-appellant to dismiss it

has been filed. Accordingly, only the appeal is considered herein.

It appears that the American Legion Post No. 34, Inc., was the owner and holder of "club" license No. 155, and proposes to transfer it to intervenor, Don Lee. On April 29, 1958, the then Chief of Division of Liquor Control approved an application to reclassify the "club" license to a "dispenser's" license. The existing "club" license was not cancelled, nor was a "dispenser's" license issued.

Appellant argues that the court erred in holding that the Chief of Division of Liquor Control did not have authority to change the category of the license from "club" to "dispenser" and in enjoining him from doing so, when in fact the reclassification had been fully effected prior to the court's order, and further argues that by Ch. 72, N.M.S.L. 1959, the reclassification was confirmed and validated.

Concerning the first argument, it appears to us that this point is a two-pronged one, in that it first asserts that the injunction could not issue to enjoin a reclassification that had already been accomplished, and next asserts that the Chief of Division of Liquor Control had the authority to do what he purported to do.

The court made its findings No. 6 and No. 9, which read as follows:

"6. Intervener, American Legion Post No. 34, Inc., has held the afore-

said liquor license, Club License No. 155, at all times during the years 1955, 1956, 1957 and 1958, to date, except that on or about April 29, 1958, the Respondent, Chief of the Division of Liquor Control, entered his order purporting to reclassify the aforesaid liquor license from a club license to a dispenser's license, by approving an application for such reclassification filed by the Intervener, American Legion Post No. 34, Inc. That the said Club License was not cancelled and a dispenser's license was not issued, but that the Chief of the Division of Liquor Control merely purported to reclassify the license without the cancellation of the old license or the issuance of a new one."

"9. Respondent was duly notified of protests against any proposed reclassification and transfer of aforesaid liquor license, Club License No. 155, on or about March 14, 1958, but Respondent nevertheless proceeded to reclassify said license on or about April 29, 1958."

and concluded as follows in conclusions 9, 10, 11, 12 and 13:

"9. The Respondent, Chief of the Division of Liquor Control, has no authority or discretion under the law to reclassify a club license to a dispenser's or retailer's liquor license."

"10. Respondent had a clear and mandatory legal duty to refuse to approve the application by Intervener, American Legion Post No. 34, Inc., for reclassification of its Club Liquor License to a Dispenser's Liquor License."

"11. The action of the Respondent, in approving the reclassification of American Legion Post No. 34, Inc., liquor license from a Club Liquor License to a Dispenser's Liquor License on or about April 29, 1958, was wholly unauthorized and unlawful."

"12. The Respondent should be required by the decree herein to reinstate the aforesaid liquor license, License No. 155, held by American Legion Post No. 34, Inc., as a Club Liquor License."

"13. Respondent should be enjoined by the decree from undertaking to authorize or approve any reclassification of Club Liquor License No. 155, held by American Legion Post No. 34, Inc., as so reinstated; from issuing to American Legion Post No. 34, Inc., any renewal license for the fiscal year July 1, 1958—June 30, 1959, other than a Club Liquor License; from undertaking to authorize operation at any premises other than the premises of American Legion Post No. 34, Inc., Alamogordo, New Mexico, except upon application for transfer of same as a Club License and otherwise in accordance with law; and from taking any other action which would purport to

affect the classification of the aforesaid License No. 155 as Club License."

It is thus clear that even though the court states in finding No. 6 that the "club" license was never cancelled nor a dispenser's license issued, nevertheless he considered that the purported reclassification had been accomplished, and accordingly his conclusion No. 12 that the license should be reinstated as a "club" license, and that then respondent should be enjoined from reclassifying as set forth in conclusion No. 13 must have been based upon conclusions 9 and 10 that respondent had no "authority or discretion" to reclassify.

Appellants admit that there is no statute expressly authorizing reclassification, but assert the authority in the Director to do so by virtue of § 46–2–3, N.M.S.A.1953, which vests in the Chief of the Division all the powers enumerated in the liquor control act and "such additional powers as may be necessary to effectuate the same," and by virtue of § 46–2–4(d) which gives him authority "to issue or refuse to issue the licenses and permits provided for in this act, and, in the exercise of such authority, he shall investigate into the qualifications of all applicants to engage in the * * * sale of alcoholic liquors."

We must consider these sections in an effort to determine whether or not the Chief of Division had the authority claimed. Appellants, in addition to finding the power implied in the provisions hereinbefore referred to, assert that the Chiefs of Division have exercised the power for many years and have reclassified licenses. Findings to this effect were tendered to the court and refused, amounting to a denial of the same. However, the court made no contrary finding and there is evidence to support the findings requested. In fact it clearly appears that some 55 licenses were reclassified during the last 5 years, several of these reclassifications being from "club" to "dispenser's." Is the fact material? Appellants say "yes" because as was said in Valley Country Club, Inc. v. Mender, 64 N.M. 59, 323 P.2d 1099, 1101, a case relied on strongly by appellants, "interpretations (of statutory provisions by Chiefs of Divisions of Liquor Control) are persuasive and will not be lightly overturned."

In the Valley Country Club case, supra, the court upheld the interpretation long followed by the Division that although the law made no provision for leasing of liquor licenses, the same was nevertheless properly within the term "assign" and "transfer" for which the procedure was provided, and accordingly a license could be leased, subject to approval of the Chief of Division.

Following the reasoning of that case, can we find power to reclassify a "club" license as a "dispenser's" license within the authority of the Chief of Division "to issue" a license?

Webster's New International Dictionary (2nd Ed.) defines the verb "issue" as "to be given out officially; to be published as a proclamation; to be emitted, as money."

■ Why, then, is not the result of the reclassification of the license an official giving out or issuance of the dispenser's license? In other words, it seems to us that a license is issued whether it be an original license, a renewal, or upon reclassification. The statute provides what must be done to obtain a license generally (§ 46–5–1 N.M.S.A.1953) or a dispenser's license (§ 46–5–2 N.M.S.A.1953). We take it that these requirements as well as all others covered by the statute, must be met, just as the requirements of the law for transfers and assignments had to be met in the case of the leasing in Valley Country Club, Inc. v. Mender, supra.

Our conclusion here can be further bolstered, if bolstering is needed, by reference to § 46–2–3, referred to above.

■ Since the Chief of Division is given the authority to issue licenses in the first instance (§ 46–2–4(d)), and to pass upon the qualifications of the applicants (§ 46–5–1), as well as the suitability of locations (§ 46–5–16), and has the power to deny the right to transfer or assign a license (§ 46–5–15 (c)), or to move a location (§ 46–5–16) to the end that the "public health, safety and morals of every community in this state" may be protected (§ 46–5–1), we can perceive of no compelling reason why he should be denied the right to change a license of certain type to one of another type, if all statutory requirements are met, and if he could have issued that type in the first instance if applied for and if the applicant was qualified.

Appellee, in his argument in effect asserts what we have said above, when he states that in reclassifying what the Chief of Division in fact does is to cancel the existing license of one type and issue another license of a different type. Appellee's objection to this, aside from the fact that he points out that the statute does not specifically provide for it, is that the Chief of Division thereby circumvents the provisions of § 46–4–8, N.M.S.A.1953. Why this should be true we do not understand. This section of the law merely provides that before a license is issued or transferred, notice thereof shall be given to the "appropriate governing body" which shall have 30 days in which to disapprove the same, and 5 days thereafter within which to notify the Chief of Division. If disapproved and the Chief of Division is so advised the license shall not be issued or transferred, otherwise, it shall be. Since a reclassification results in the issuance of a license as stated above it would seem to us that this procedure should be followed, and as a matter of fact it was in this case.

The 1959 legislature passed Chapter 72 which in Sections 1 and 2 provided specifi-

cally for reclassifying dispenser licenses as retailer licenses, and vice versa, and specifically provided for the same notice, procedure and approval by governing authorities as is contained in § 46–4–8.

The same session of the legislature passed Chapter 311 which provided among other things in Section 2 thereof (§ 46–5–10.1, N.M.S.A.1953, Supp.1959) that "club licenses shall not be * * * converted, changed or reclassified to any other type of liquor license." Thus it appears that what we here have found proper will not recur in the future.

■ However, appellee argues that since by Chapter 72, the power has now been specifically granted to make certain reclassifications, this amounts to a legislative determination that it did not previously exist. Although this interpretation is possible, it is also reasonable to find in this action nothing more than a recognition and attempted solution of the problem here presented to us. We do not agree that the legislature cannot amend an existing law for clarification purposes just as effectively and certainly as for purposes of change. One can as reasonably assert that since the legislature passed Chapter 311, N.M.S.L.1959, denying the right in the future to reclassify club licenses, this amounts to a recognition that the right previously existed, and of course if the right existed as to club licenses it existed as to the other two types. We likewise doubt that this argument is very com-

pelling, and we base our opinion on the analysis above set forth and the reasoning and authority of Valley Country Club, Inc. v. Mender, supra.

From what has been said it is clear that the power of the Chief of Division to reclassify was present by implication and he did not exceed his authority when he reclassified the "club" license in issue herein as a "dispenser's" license.

■ Chapter 72, N.M.S.L.1959, must be noticed for another reason. Section 3 thereof (§ 46–5–3.1, N.M.S.A.1953 Supp.1959) reads as follows:

"A dispenser's, retailer's or club license which at any time prior to the effective date of this section was reclassified, converted or changed from any other type or class of liquor license recognized under the laws of this state, and any renewal of such license, is hereby confirmed and made valid. No action attacking the validity of such reclassification, conversion or change of license shall be entertained by any court or by the chief of division. This provision shall not deprive any court or the chief of division of jurisdiction over any proceeding instituted prior to the effective date of this section."

Appellant argues that the effect of this section is to make valid the reclassification if it was previously invalid. Since we have concluded that the court below erred in or-

dering the "club" license reinstated, we need notice only the last sentence of this section, which we construe to do nothing more nor less than to recognize the continuing right in any court in which was pending any litigation concerning reclassification of a liquor license to continue to entertain and decide the same. That is exactly what we have undertaken to do herein. We are not disposed to anticipate what will happen upon the remand hereof, but will resolve any problems which may arise when they reach us.

Appellants filed a motion herein asking that in view of Section 3, Chapter 72, N.M.S.L.1959, we strike from the lower court judgment the injunction granted and then dismiss their appeal. Appellee resisted this motion. As we construe the motion it amounts to a request that we interpret the statute without relation to the last sentence referred to above. As already stated that sentence directs that we decide the case on its merits which we have done.

The cause is reversed and remanded to the district court with instructions to proceed further in the cause in a manner not inconsistent herewith.

It is so ordered.

McGHEE, C. J., and COMPTON and CARMODY, JJ., concur.

CHAVEZ, J., not participating.