577 P.2d 1254

Edgar L. LAKE, Jr., d/b/a Turquoise Bar, Petitioner-Appellant,

v.

Lorenzo F. GARCIA, Hearing Officer and Carlos L. Jaramillo, Director, Department of Alcoholic Beverage Control, Respondents-Appellees.

No. 11509.

Supreme Court of New Mexico.

May 5, 1978.

John D. Donnell, Santa Fe, for petitioner-appellant.

Toney Anaya, Atty. Gen., Albert V. Gonzales, Asst. Atty. Gen., Santa Fe, for respondents-appellees.

OPINION

FEDERICI, Justice.

This suit was brought in the District Court of Santa Fe County for judicial review of a decision and order by a hearing officer of the Department of Alcoholic Beverage Control (Department). The hearing officer's decision and order imposed the maximum sanction provided in Regulation 39(D) of the Department's regulations upon petitioner-appellant (appellant), who had been found guilty of multiple violations of the Liquor Control Act and regulations promulgated pursuant to it. The penalty imposed was six months suspension of the liquor license and a $2,500 fine. The district court entered its written order affirm-

ing the hearing officer's decision and rder. We affirm the district court.

Regulation 39(D) was promulgated pursuant to § 46–6–4(O), N.M.S.A.1953 (Supp. 1975), which provides that:

It shall be mandatory that the director of the liquor control division adopt a regulation setting forth uniform standards of penalties concerning fines and suspensions imposed by the director and the liquor control hearing officer.

Regulation 39(D) itself provides:

REGULATION NO. 39
PENALTIES FOR VIOLATIONS
OF LIQUOR CONTROL ACT
OR REGULATIONS

.    .    .    .    .

(D) FOURTH AND SUBSEQUENT OFFENSE—The Department or Hearing Officer shall assess a penalty of a fine of not less than $1,000 nor more than $2,500 and/or an order of suspension of business activities of not less than sixty (60) days nor more than one hundred eighty (180) days, or the Hearing Officer shall issue his order of revocation of the license.

■ Appellant contends that Regulation 39 is penal in nature and therefore must be strictly construed. It is settled in this jurisdiction that proceedings of the Department of Alcoholic Beverage Control are not penal but rather are administrative proceedings in the nature of a civil action. *Kearns v. Aragon*, 65 N.M. 119, 333 P.2d 607 (1959); *Chiordi v. Jernigan*, 46 N.M. 396, 129 P.2d 640 (1942).

■ Appellant also contends that Regulation 39 is analagous to the habitual offender statute and that an enhanced or increased penalty cannot be imposed for a "subsequent offense" unless there has been a previous conviction or convictions. The habitual offender statute is not analagous to the regulation at issue in this case. In order to arrive at the conclusion requested by appellant this Court would have to determine that the regulation involved is penal, which we have refused to do. Consequently, the construction given the term "offense" under habitual criminal statutes does not control here.

This has also been the Department's interpretation of Regulation 39(D). Although this interpretation is not necessarily binding upon this Court, it is persuasive. *State ex rel. Dickson v. Aldridge*, 66 N.M. 390, 348 P.2d 1002 (1960); *Valley Country Club, Inc. v. Mender*, 64 N.M. 59, 323 P.2d 1099 (1958).

We conclude that Regulation 39(D) does not require previous convictions of guilt in order for the Director to impose the enhanced penalty.

The order and judgment of the district court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, J., concur.