IN THE MATTER OF THE APPEAL OF WILBUR ROGERS
FROM AN ADVERSE REPORT OF THE MARYLAND
STATE BOARD OF LAW EXAMINERS

[October Term, 1945.]

738

*Decided February 5, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Wilbur Rogers, pro se.*

*Parsons Newman,* for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Wilbur Rogers, a retired Army Colonel, born December 28, 1885, who states that he is a resident of this State, from an adverse report of the Maryland State Board of Law Examiners on his application for admission to the Maryland Bar without examination. Under Rule 14 of the rules adopted by this Court in conformity with the provisions of Sections 1 to 8, inclusive, of Article 10 of the Annotated Code of Maryland, (1939, Flack's Edition), the Board found that the applicant was of good moral character and that every letter of communication so reported. The Board, however, also found that he had not been engaged in the active and continuous practice of law for five years in the District of Columbia prior to the filing of his application on January 3, 1945, as required by Rule 14 aforesaid. This rule requires a practitioner to actively and continuously engage as a practitioner or teacher of the law, or judge, in one of the States, (including the District of Columbia), of

the United States, for at least five years before the filing of the petition. See *Edmonds v. Webb*, 182 Md. 60, 32 A. 2d 702.

The question for our decision is whether from the information before us the petitioner was actively and continuously engaged as a practitioner of law in the District of Columbia for the period from January 3, 1940 to January 3, 1945, when his petition was filed. He had an office in his residence in Washington, D. C. from November 14, 1939 to January 1st, 1941. He had desk space in a large general office in the Bond Building in Washington for a period from December 10th, 1942 to January 1st, 1943. He occupied an office in the Bond Building from January 1st, 1943 to January 31st, 1944. He had a mailing address without an office in the Bond Building in Washington for the period beginning February 1st, 1944 until September 30th, 1944. Therefore in the District of Columbia he had no office from January 1st, 1941 until December 10th, 1942, only a mailing address from February 1st, 1944 to September 30th, 1944, and no office from September 30th, 1944 to January 3rd, 1945. During a part of that five year period he had also been engaged as an insurance solicitor, which cannot be classified as the practice of law. The information before us shows that his practice during that period was more or less of a desultory nature consisting of a few cases, none of which apparently were tried in Court, and an occasional consultation, and some debt collections.

We must therefore conclude that the petitioner was not "actively and continuously engaged in the practice of law" under the usual and general meaning of those words for the period from January 3rd, 1940 to January 3rd, 1945. The action of the Board of Law Examiners in this case is affirmed. The petitioner, of course, will be allowed to take the Maryland Bar examination upon meeting the requirements thereof.