383 P.2d 578

**Harley A. LANNING, Petitioner,**

v.

**STATE BOARD OF BAR EXAMINERS of the State of New Mexico, Respondent.**

No. 7254.

Supreme Court of New Mexico.

July 8, 1963.

Sutin & Jones, Albuquerque, for petitioner.

Earl E. Hartley, Atty. Gen., James E. Snead, III, Asst. Atty. Gen., Santa Fe, for respondent.

Morton S. Jaffe, Staff Judge Advocate, White Sands Missile Range, amicus curiae.

COMPTON, Chief Justice.

The petitioner asks us to review and overturn the decision of the Board of Bar Examiners in refusing its recommendation for admission to the bar on motion, and to direct the Board to move his admission.

But due to an incomplete record, our review is limited to a determination whether petitioner, having served in the Judge Advocate General's Corps of the Armed Services of the United States, can claim such service as the practice of the law for the purpose of admission to the Bar on Motion within Rule II(a) (10), effective July 1, 1961, of the rules governing admission to the Bar of the State of New Mexico. The rule in part reads:

"The Board of Bar Examiners, in exceptional circumstances, may, in its discretion, waive the taking of examination and move the admission on motion of any person regularly admitted to practice law in the highest court of any state or territory who has either (1) generally held himself out as an attorney and has actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application, three years of which shall have been continuously in one jurisdiction. * * *"

Petitioner was born March 10, 1906, in Poland, New York, and was admitted to practice law in the Court of Appeals of the State of New York on June 1, 1933, and

continuously practiced law in that state until June, 1943, when he was drafted into the United States Army. He served in the United States Army until his retirement as a Colonel on August 31, 1961, having served in the Judge Advocate General's Corps continuously and actively from July 11, 1944 to August 31, 1961. On September 10, 1961, he established residence in Albuquerque, New Mexico, and applied for admission to the Bar on Motion. His service record is reflected as follows:

| | |
|---|---|
| "12 Jun 1943 to 9 Jul 1944 | enlisted service, battery clerk and personnel clerk highest grade T/4—Attended Officers Candidate School, The Judge Advocate General's School, Ann Arbor, Michigan |
| 10 Jul 1944 | Commissioned 2d Lt. |
| 10 Jul 1944 to 30 Aug 1944 | Assistant TJA at Fort Sheridan, Ill. tried about 75 cases |
| 30 Aug 1944 to 28 Jan 1945 | Served as Legal Officer in the Office of the Division Engineer, Great Lakes Division, Chicago, Ill. where duties consisted of examining and drafting procurement and tracts involving millions of dollars. |
| 29 Jan 1945 to 13 Feb 1947 | Served as Legal Officer and as Chief of the Legal Branch for the General Engineer District and the Manila Engineer District located in the Philippine Islands. Examined and drafted procurement and construction contracts, contracting officer, tried many special and general court martial cases, claims officer, legal assistance officer for 80,000 troops |
| 14 Feb 1947 to 6 May 1947 | Not on active duty. Served as chief investigation officer in the Claims Service, Manila, P. I. |
| 7 May 1947 | Accepted commission in R A as captain |
| 7 May 1947 to 20 Oct 1947 | Examined GCM records of trial for legal sufficiency in Examinations Branch, OTJAG |
| 21 Oct 1947 to 17 May 1949 | Member of a board of review (5 and 2) wrote many opinions interpreting the Articles of War and the 1928 and 1949 Manuals for Court-Martial |
| 18 May 1949 to 14 Aug 1949 | Member of the office of the Asst JAG for Military Justice, examined opinions of the boards of review for legality and correctness |
| 15 Aug 1949 to 27 Aug 1951 | SJA, 9th Inf. Div., Ft. Dix, N. J. |
| 28 Aug 1951 to 7 Oct 1952 | SJA, 7th Inf. Div., Korea |

| | |
|---|---|
| 8 Oct 1952 to 28 Feb 1954 | Member of Law and Sentence Coordination Div. and Chief of the Sentence Coordination Branch. Reviewed all sentences as approved by the boards of review, made recommendations to TJAG with respect to clemency, function and mission of the branch was to bring about uniformity of sentences in the three branches of the military service |
| 1 Mar 1954 to 13 May 1954 | Member of the Military Affairs Div., Personnel Law Branch |
| 14 May 1954 to 1 May 1955 | Member of the DAD, served as supervisor of a group and as executive officer, acted as appellate counsel for accused persons convicted by GCM, prepared briefs and argued cases before the boards of review and The Court of Military Appeals. |
| 2 May 1955 to 27 Aug 1956 | Member of Board of Review #3, wrote many opinions interpreting the UCMJ and the Manual for Courts-Martial 1951 |
| 28 Aug 1956 to 14 Jun 1959 | SJA, Hqs, Ft. Riley, Kansas and the 1st Inf. Div. |
| 15 Jun 1959 to 31 Aug 1961 | Chief of the DAD, supervise the work of about 18 to 20 Officer attorneys who prepare briefs and present arguments to the BR's and CMA. Review the briefs for content and correctness." |

---

We take notice of an enviable military record. His practice in the corps, we think, constitutes the practice of the law within the meaning of the rule, though entirely in a separate field of the law, and that such practice was within one jurisdiction within the intent of the rule requiring practice to have been continuously in one jurisdiction for three of the last eight years.

We thus conclude that petitioner had actively and continuously practiced law for a period of 8 years immediately preceding the filing of his application.

It was the decision of the Board that applicant had failed to meet the requirements of the rule in the following respect:

"(a) The Board does not find any exceptional circumstances in Colonel Lanning's case for waiving of the taking of the examination;

"(b) That the Board is not satisfied that Colonel Lanning has been actively and continuously engaged in the practice of law for at least seven of the eight years immediately preceding the filing of his

application within the meaning of the above rule; and

"(c) That the Board does not find that Colonel Lanning has practiced law continuously in one jurisdiction for three of the last eight years."

We think it is clear that the Board based its decision principally on subsections (b) and (c) under the belief that applicant's military service did not come within the meaning of the rule. Having concluded otherwise, the decision of the Board of Bar Examiners is set aside and the cause is remanded to the Board with instructions to proceed in a manner consistent herewith.

It is so ordered.

CARMODY, CHAVEZ, NOBLE and MOISE, JJ., concur.