409 P.2d 263

Leroy R. WARREN, Petitioner,

v.

**BOARD OF BAR EXAMINERS of the State of New Mexico, Respondent.**

**No. 7900.**

Supreme Court of New Mexico.

Jan. 3, 1966.

Sterling F. Black, Los Alamos, for petitioner.

Marron & Houk, Albuquerque, for respondent.

CARMODY, Chief Justice.

Petitioner seeks a review of the decision of the Board of Bar Examiners, denying his application for admission to the New Mexico State Bar upon motion.

Although in some respects similar, the decision in this case is not controlled entirely by our decision in Rask v. Board of Bar Examiners, 75 N.M. 617, 409 P.2d 256.

The excerpt from the minutes of the Board of Bar Examiners concerning this petitioner is as follows:

"No. 1805. LeRoy R. Warren. Applicant having applied for admission on motion and the Board having considered said application and all documents pertaining thereto filed with the Secretary of the Board; applicant having appeared for personal interview by the Board; and the Board being sufficiently advised, upon motion duly made, seconded and unanimously adopted, denies said application for admission on motion for the following reasons: (1) That applicant has presented no exceptional circumstances to warrant the Board of Bar Examiners, in its discretion, to waive the taking of the bar examination. (2) That applicant has not complied with Rule II, Sec. 20(4).

(a) in that he has not presented the certificate of a judge of the highest court of original jurisdiction in a foreign state to the effect that applicant has practiced law therein for at least seven of the eight years immediately preceding the filing of his application, three years of which were continuously in one jurisdiction. (3) That applicant has not fulfilled the requirement of Rules 10 and 20 that he has actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application, three years of which practice has been continuously in one jurisdiction as contemplated by the Rules Governing the Board of Bar Examiners."

Insofar as the first ground stated by the Board, this case is controlled by the decision in Rask v. Board of Bar Examiners, decided today. However, grounds (2) and (3) raise somewhat different questions and necessitate a limited discussion.

From the record, it would appear that petitioner was originally licensed and ad-

mitted to practice in the State of Wisconsin on February 11, 1955. Almost immediately, he then entered active military service, during which time he was certified as competent to perform the duties of trial counsel and defense counsel of general courts-martial and he performed certain legal duties, though not a member of the Judge Advocate General Corps. Since April 5, 1957, petitioner has been employed as an attorney for the Los Alamos Area Office of the United States Atomic Energy Commission, and since that date has continuously maintained his legal residence in the State of New Mexico. In petitioner's file, apparently as an attempt to comply with the provision of the rule requiring a certificate of a judge of the highest court of a foreign state, petitioner has presented a lengthy letter from the General Counsel of the Atomic Energy Commission in Washington. This same statement is also an attempt to show compliance with the requirement that applicant has actively and continuously practiced law at least seven of the eight preceding years. It is upon the basis of the statement of the General Counsel of the Atomic Energy Commission that petitioner argues that his work as attorney for that commission is, to all intents and purposes, the practice of law within the meaning of our rules. Without detailing the type of service rendered by the petitioner in his capacity as attorney for the Atomic Energy Commission, suffice it to say that, from a legal standpoint, it is highly diversified and embraces work in practically all phases of federal, state and local laws, both civil and criminal.

 We believe that petitioner's admission to practice in Wisconsin and his subsequent work as attorney for the Atomic Energy Commission are sufficient to comply with the intention of the rule requiring active and continuous practice of law for at least seven of the eight years immediately preceding the filing of the application, and so also do we find that the intent of the rule is satisfied as to practice in one jurisdiction for three of the last eight years. We similarly find that the letter from the General Counsel of the Atomic Energy Commission satisfies, in this case, the intent of the rule calling for a certificate from a judge of the highest court of original jurisdiction of the foreign state.

 This case is not greatly different from Lanning v. State Board of Bar Examiners, 1963, 72 N.M. 332, 383 P.2d 578, except for the fact that Colonel Lanning was engaged in actual practice prior to his being in the United States Army, and except for the further fact that Colonel Lanning's service in the Judge Advocate General's Department was over a longer period than is that of the petitioner. Nevertheless, we believe that the decision in Lanning

is controlling as to points (2) and (3) relied upon by the Board and, as stated, Rask is controlling as to point (1). We would add, however, that we are moved, in part, in our reversing the action of the Board by the fact that it has been the practice of the Board, particularly since the Lanning decision, to move the admission on motion of several attorneys who were similarly situated to petitioner, in that their practice of law was in either the civilian or military branches of the government. To single out the petitioner and refuse his application for admission on motion is closely akin to, if not actually being, discriminatory. If this court determines that the rules relating to admission on motion should be changed, then this can be done by amendment, but it must not be accomplished by abuse of discretion, which, in effect, reverses a policy of long standing without notice to those persons who might be directly concerned. See Rask, supra.

It appears that the applicant is in all respects qualified to become a member of the New Mexico Bar and is of good moral character.

For the reasons stated above, the decision of the Board of Bar Examiners is reversed, and petitioner's motion for admission will be granted. It is so ordered.

CHAVEZ, NOBLE, MOISE, and COMPTON, JJ., concur.