425 P.2d 313

John H. SPARKMAN, Petitioner,

v.

STATE BOARD OF BAR EXAMINERS, State of New Mexico, Respondent.

No. 8202.

Supreme Court of New Mexico..

March 20, 1967.

John H. Sparkman, pro se, Albuquerque, for petitioner.

Vance Mauney, Arturo G. Ortega, Albuquerque, Sumner S. Koch, Santa Fe, for respondent.

## OPINION

HENSLEY, Chief Judge, Court of Appeals.

The petitioner seeks to review and to reverse a ruling of the Board of Bar Examiners.

In September, 1964, the petitioner applied for admission to practice law in New Mexico on motion. The application was denied and the two reasons assigned therefor were as follows:

(1) No exceptional circumstances were presented that would warrant waiving the requirement of examination, and

(2) The applicant has not actively and continuously practiced law in any other state for seven of the eight years immediately preceding the filing of his application, three years of which were continuously in one jurisdiction, as prescribed by Rule II, subd. A, par. 10, of the Rules Governing Bar Examiners.

Thereafter, the petitioner in February, 1966, moved for reconsideration and appeared in support of his motion. In due time he was advised by the Board of Bar Examiners that his application was denied for the following reasons:

"(1) Testimony presented to the Board by applicant clearly indicates that he has not generally held himself out as an attorney and actively and continuously practiced law for 7 of the last 8 years immediately prior to filing his application;

"(2) That prior to moving to Albuquerque from Oklahoma and since February, 1959, he was paid a salary by State Farm Insurance Co.;

"(3) That his income from law practice as such was a minor part of his total income;

"(4) That he was not listed as an attorney in any directory;

"(5) That he did not maintain a law office separate from the office of his em-

ployer; that he did not have an 'attorney' sign on the office door, or otherwise hold himself out to the general public as an attorney;

"(6) That such law practice which he did was conducted from his home and was limited to such matters as would not conflict with his employment."

It is this ruling that the petitioner seeks to have reviewed on the ground that it amounted to an abuse of discretion.

The issue is narrowed to the determination of one fact, that is, had the petitioner generally held himself out as an attorney and had he actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application, three years of which had been continuously in one jurisdiction.

In Rask v. Board of Bar Examiners, 75 N.M. 617, 409 P.2d 256, and in Warren v. Board of Bar Examiners, 75 N.M. 627, 409 P.2d 263, both decided in 1966, we reviewed Rule II, subd. A, par. 10, which appears in the pocket supplement to the New Mexico Statutes, Comp.1953, following § 18–1–8. We do not deem it expedient to repeat the background for and the development of the rule which is as yet unchanged. It should be noted again, however, that the burden was on the petitioner to present facts warranting the exercise of discretion by the Board to waive examination. It is also his burden before this court.

Further, the task of the petitioner becomes more oppressive here for we will not overturn the judgment of the Board except to correct an injustice, or unless we are convinced that the ruling of the Board was not well founded.

The facts presented in this matter conclusively show that the petitioner was employed by State Farm Insurance Companies on a full-time salary basis as claims adjuster in Muskogee, Oklahoma, from February, 1959, until moving to New Mexico in August, 1964.

Briefs submitted have not been helpful and our own research produced little authority. We find an expression of the court in American Automobile Association v. Merrick, 73 App.D.C. 151, 117 F.2d 23, to be as apt here as there:

"We are referred to no case, and we have not found one, in which it is held that the collection or arbitration of claims alone amounts to the practice of law."

See Appeal of Rogers, 192 Md. 737, 83 A. 2d 517; Liberty Mutual Ins. Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, 125 A.L.R. 1149; State ex rel. Junior Ass'n of Milwaukee Bar v. Rice, 236 Wis. 38, 294 N.W. 550. In People v. La Barre, 193 Cal. 388, 224 P. 750, 752, it was said,

"The phrase 'actual practice' is open but to one construction. It is the opposite of casual or occasional or clandestine practice, and carries with it the thought of

active, open, and notorious engagement in a business, vocation, or profession. * * *"

Also pertinent is In re Pierce, 189 Wis. 441, 452, 207 N.W. 966, 970, where the court stated:

"An 'actual practice' requires, and must command, a substantial portion of the working time of the practitioner."

Another persuasive case is Auerbacher v. Wood, 142 N.J.Eq. 484, 59 A.2d 863, where a County Bar Association attempted to enjoin the alleged unlawful practice of law. In that case the court said,

"What constitutes the practice of law does not lend itself to precise and all-inclusive definition. There is no definite formula which automatically classifies every case. * * * Where the primary service is nonlegal, the purely incidental use of legal knowledge does not characterize the transaction as the wrongful practice of law."

We do not propose to submit a definition of the practice of law that may be employed to fit all situations and activities. We consider that each case must be examined in the light of its own facts. The petitioner having been a salaried employee engaged primarily in adjusting claims from February, 1959, to August, 1964, has not met the requirement of Rule II, subd. A, par. 10. He has not generally held himself out as an attorney and actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application.

The petitioner has failed to establish that the ruling of the Board was not well founded, or that it was unjust.

The decision of the Board of Bar Examiners will not be disturbed. The petition filed in ths court will be denied.

It is so ordered.

CHAVEZ, C. J., and NOBLE, COMPTON and CARMODY, JJ., concur.