435 P.2d 433

John Frederick GROGAN, Petitioner,

v.

STATE BOARD OF BAR EXAMINERS of the State of New Mexico, Respondent.

No. 8411.

Supreme Court of New Mexico.

Dec. 11, 1967.

John T. Watson, Santa Fe, for petitioner.

Vance Mauney, Arturo G. Ortega, Albuquerque, for respondent.

## OPINION

CARMODY, Justice.

Petitioner seeks a review and reversal of the denial by the Board of Bar Examiners of his application for admission to the New Mexico Bar on motion.

We are here again called upon to consider the propriety of the Bar Examiners' application of Rule II(A) (10) (§ 18–1–8, N.M.S.A.1953, Pocket Supp.1967). The rule, so far as applicable, provides:

"The board of bar examiners, in exceptional circumstances, may, in its discretion, waive the taking of examination and move the admission on motion of any person regularly admitted to practice law in the highest court of any state or territory * * *."

In earlier cases, we have had occasion to consider this same rule, but not in exactly the same context as here urged. See, Rask v. Board of Bar Examiners, 1966, 75 N.M. 617, 409 P.2d 256, and other cases reported immediately thereafter.

The reasons given by the board for denying petitioner's application are:

"(1) That applicant intends to practice law, if at all, only on a part time basis, consistent with his own desires as being in retired status.

"(2) That he does not have any personal desire to further his qualifications as a lawyer by acquiring a library or to work at being a lawyer in such a way that he would improve or further his qualifications as an attorney.

"(3) That a part time lawyer probably would not serve the public adequately or in a manner which the bar would expect of an attorney.

"(4) He has shown no exceptional circumstances applicable to himself or to any member of his family; he has shown no exceptional circumstances relating to the need of the community in which he is living or any segment thereof that would require the services which he proposes to render if called upon.

"(5) He has no specialized field and he has no intention to enter into the practice of law in any specialized field in the community in which he lives."

It is apparent from a mere reading of the above bases of refusal that (1), (2), (3) and (5) in particular, and (4) to a lesser degree, all relate to future possibilities and have no bearing on the petitioner's legal, moral, or ethical qualifications. The examiners' duty under Rule I (1) (§ 18–1–8, N.M.S.A.1953, Pocket Supp. 1967), is to examine candidates for admission as to their qualifications and to recommend for admission such as fulfill the requirements. There is nothing in the rule authorizing the examiners to anticipate what an attorney may or may not do in his future practice, if he is admitted. Thus the board has exceeded its powers and its discretion. Additionally, with respect to item (4), it would seem that the board has misinterpreted what we thought was plainly expressed in Rask v. Board of Bar Examiners, supra, when we said:

" * * * Thus the Board should and does have the discretion to determine whether or not an applicant meets the high standards of the New Mexico Bar. Of necessity, this does not mean merely a satisfaction of the active-practice provision, but also places the duty on the Board to determine if the applicant is qualified, legally, morally and ethically. For the Board to be permitted to consider other matters than those stated would be to allow each individual member to substitute his judgment for what he might think are 'exceptional circumstances.' * * *"

Further with respect to the board's action, it would seem to be implicit, at least as to some of their reasons for refusing to recommend admission, that the petitioner plans to be only a "part time lawyer." We do not believe that this is necessarily a reason for denial. As long as an attorney fully and properly represents the clients that he does serve, he should not be criticized if he wishes to

spend his leisure time doing something else. So also the fact that the board found that petitioner had no specialized field is no ground for refusal. Many attorneys do not specialize, and there is nothing in the rules authorizing a denial of admission on this basis.

We do, again, commend the members of the board for the manner in which they carry out their duties. The fact that the court does not always agree with the recommendations of the board should not be considered as criticism. The court is deeply appreciative of the board's activities. However, we must conclude that the action of the Board of Bar Examiners in refusing to waive the taking of the examination by the petitioner should be reversed.

The board's decision will be set aside and petitioner's motion for admission will be granted. It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and COMPTON, JJ., concur.