464 P.2d 406

**William G. HARTY, Petitioner,**

v.

**BOARD OF BAR EXAMINERS of the State of New Mexico, Respondent.**

No. 8877.

Supreme Court of New Mexico.

Jan. 26, 1970.

Threet, Threet, Glass, King & Maxwell, Albuquerque, Isaac M. Smalley, Deming, for petitioner.

T. K. Campbell, Las Cruces, Stephen W. Bowen, Tucumcari, for respondent.

## OPINION

WATSON, Justice.

The State Board of Bar Examiners denied petitioner's admission to the Bar of New Mexico; from said denial the petitioner seeks our review.

The evidence submitted to the Board is as follows: Petitioner graduated from Vanderbilt Law School on May 29, 1960 and was licensed and admitted to the practice of law in Tennessee on July 23, 1960. He actively engaged in the practice of law in Tennessee from July 23, 1960 to April, 1961. In April, 1961 he left Tennessee because of his wife's health and came to New Mexico where he engaged in the active practice of law as an attorney for the United States Veterans Administration from June 28, 1961 to May 12, 1962. He then transferred to the United States Department of the Treasury as an attorney for the Internal Revenue Service on July 9, 1962. After taking special training courses, he assumed the position and duties of "Attorney (Estate Tax) GS–905." The minimum requirement for this position was the attainment of a professional law degree plus admission to the Bar.

As attorney for the Regional Office of the Veterans Administration, petitioner prepared legal pleadings, petitions, orders, and briefs in guardianship proceedings in the appropriate federal courts and agencies. He acted as consultant to the Estate Management Personnel Office, Veterans Administration, on the validity of real property titles. As Attorney (Estate Tax) GS–905 of the Internal Revenue Service he advised the United States Government on questions of law involving mortgages, patent rights, contracts, lease-hold interests, domestic relations, corporate law, trust law, law of wills, criminal law, and federal tax questions. He was in this position on October 2, 1968, the date of his application for admission to the New Mexico Bar.

The Board interviewed the petitioner and found that his duties with the Treasury Department from August, 1962 to the date of his application were to take estate tax returns, classify them for audit, check them for legal sufficiency, and compute the tax to determine if it was correct. He also filled in as counsel for the Internal Revenue district in New Mexico in income tax matters and in collections and made himself available to the district director for legal advice on particular problems that might arise, even though the district director was an attorney. The Board found there were two other estate tax examiners who were non-lawyers and who performed the same duties as Mr. Harty as estate tax examiners. At the interview the Board asked Mr. Harty what percentage of his duties would be work that only legally trained people could do. Mr. Harty was of the opinion that all of the work that he was doing should be done by legally trained people, but that probably thirty per cent of his time was on strictly legal work.

From the above the Board concluded that the petitioner had not generally held himself out as an attorney and had not actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application, as required by Rule II A 10 (§ 18–1–8, N.M.S.A., 1953 Comp. [1969 Supp.]) of the Rules Governing Admission to the Bar, but that for a substantial part of seven years the applicant had performed services that could have been performed by lay persons.

Petitioner points out that the Board may have minimized the actual legal work involved in his position with the Internal Revenue Service. He was required to render opinions on income tax questions and property rights under both state and federal laws which required legal interpretation for which a non-lawyer had proved unqualified. Although petitioner's practice has been in specialized fields it has been active and

continuous if his work with the government agencies is "practicing law." Rule II A 10, supra, does not require that the practice be general rather than specialized, nor does it put any minimum on the number of clients petitioners must have. In Warren v. Board of Bar Examiners, 75 N.M. 627, 409 P.2d 263 (1966), the applicant had a single client, the United States; his entire practice consisted of service with the Judge Advocate General Corps and with the Atomic Energy Commission. We held that he fulfilled the requirement of Rule II A 10, supra.

The applicant in Ross v. State Board of Bar Examiners, 78 N.M. 747, 438 P.2d 157 (1968), had only one client, Western Electric Company, Inc., and its subsidiary, Sandia Corporation. His was not a general practice. His activities included participation in one anti-trust suit and some time as an officer of the Sandia Corporation, of which he was secretary and treasurer. We held that he complied with the same Rule II A 10, supra.

In Sparkman v. State Board of Bar Examiners, 77 N.M. 551, 425 P.2d 313 (1967), we refused to define "the practice of law" and held that each case must be examined in the light of its own facts. There the applicant had been almost exclusively engaged as an insurance adjustor for State Farm Insurance Companies. We held he did not meet the requirements of the rule. We found no authority holding that the collection and arbitration of claims alone amounted to the practice of law. We believe the present petitioner's situation is more akin to that of Warren and Ross, supra.

We note that the Board had before it evidence from well-known tax attorneys in New Mexico comparing petitioner's specialty with their practice and indicating the demand for this specialty and their confidence in his ability to render a service to the public in this field. This, however, is not determinative of the question, which is: Has the applicant practiced law for at least seven of the last eight years as required by the rule? In determining that the facts here did not show compliance with the rule, we feel that the Board was unduly restrictive in the requirement of "the practice of law." Many lawyers perform services for their clients which could have been performed by others who are not lawyers. All magistrate court work could be handled by non-lawyers. An attorney specializing in tax work could well spend two-thirds of his time doing work non-lawyers could do and still he would be practicing law. The fact that considerable time is spent in doing work a non-lawyer could do is not the test.

We find that petitioner did comply with Rule II A 10, supra. There being no other objections to his admission, the decision of the Board will be set aside and the applicant will be admitted on proper motion.

It is so ordered.

MOISE, C. J., COMPTON and TACKETT, JJ., and JOE ANGEL, J., D. C., concur.