481 P.2d 94

**Edmond Beaubien CHAPMAN, Jr., Petitioner,**

v.

**BOARD OF BAR EXAMINERS of the State of New Mexico, Respondent.**

**No. 9042.**

Supreme Court of New Mexico.
Feb. 8, 1971.

Botts, Botts & Mauney, Albuquerque, for petitioner.

Sumner S. Koch, Santa Fe, amicus curiae on behalf of Board of Bar Examiners.

## OPINION

OMAN, Justice.

Petitioner seeks reversal of a decision of Respondent Board denying him admission on motion to the Bar of the State of New Mexico. We affirm the decision.

On May 5, 1969, Petitioner filed with this court an application, in the form of a "Petition and Affidavit," whereby he sought an order admitting him to practice law in all the courts of the State of New Mexico. The pertinent requirements for admission on motion were that the petitioner be a " * * * person regularly admitted to practice law in the highest court of any state or territory * * *" and who " * * * has actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application, three years of which shall have been continuously in one jurisdiction, * * *" Rule II A. 10, Rules Governing Bar Examiners, Bar Examinations and Admission to the Bar of the State of New Mexico (25th Ed.). These rules have now been revised and replaced by the 26th Edition, March 10, 1970.

For the purpose of showing he met these requirements, Petitioner alleged in his application:

"Having engaged in the general practice of law in the states of Kansas and Texas for the period of four and ten years, respectively, I respectfully request that I be granted admission upon certificates and motion and be not required to take or successfully pass the bar examination prescribed in this State."

He furnished a certificate from the Clerk of the Supreme Court of the State of Kansas showing his admission to the Bar of that state on June 29, 1949. He furnished no certificate, letter, or statement from any one concerning his claimed practice in Texas. In this regard see Warren v. Board of Bar Examiners, 75 N.M. 627, 409 P.2d 263 (1966), in which it was held a letter from the general counsel of the Atomic Energy Commission satisfied the intent of the rule calling for a certificate from a judge of the highest court of original jurisdiction of the foreign state.

In his statement as to his practice of law, he claims no practice in Kansas after September 1953. Thus, this practice cannot possibly be considered under the requirement that he must have " * * * actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application, * * *." The seven years with which we are here concerned must have fallen between May 5, 1961, and May 5, 1969.

As to his claimed practice in Texas, he shows he served as house counsel for Hughes Investment Corp. and Hughes Title Company at Pampa and Wichita Falls from February 1956 to June 1962.

From June 1962 to December 1962, he shows himself as a partner in and Title Examiner for Wichita Title Company at Wichita Falls. From December 1962 to April 1966, he shows himself as Vice-President and Title Examiner for Wichita Title Company, Inc., at Wichita Falls. From April 1966 to December 1966, he shows himself as President and Title Examiner for Central Abstract & Title Co. at Wichita Falls. From April 1967 to present [May 5, 1969], he shows himself as Vice-President and Title Examiner for First Title Guarantee and Trust Co. He does not show where he performed these services, but he claims to have resided in Albuquerque, New Mexico, since January 1, 1967, and to have established residence in New

Mexico on June 1, 1967. Information found elsewhere in the record shows he has lived and worked in Albuquerque as Vice-President and Manager of First Title Guarantee and Trust Co. since April 10, 1967.

If he intended to claim his work in Albuquerque between April 10, 1967 and May 5, 1969, as practice in Texas, the record fails to support such a claim. If he did not intend to claim his work in Albuquerque as practice in Texas, then he failed, insofar as his application is concerned, to meet the requirement that he must have " * * * actively and continuously practiced law for at least seven of the eight years immediately preceding the filing of his application, * * *." As shown by the above quotation from his application, he claims only to have practiced in Kansas and Texas.

The Clerk of this court also serves as Secretary of the Board of Bar Examiners, and she was serving in this capacity on September 26, 1969, when the Board interviewed Petitioner in connection with his application for admission on motion. One of the Secretary's duties was to make a record of the proceedings and a tape recorder was used for this purpose at the interview. However, unknown to the Secretary at the time, the recorder was not functioning properly, and, consequently, no record was made of the proceedings. The member of the Board who conducted the principal questioning of the Petitioner has stated by affidavit:

" * * * That during the questioning, petitioner was asked if he contended that he had been engaged in the practice of law during the time in which he resided within the State of Texas; that petitioner's answer was in the negative. That petitioner was asked also if he had made application for admission to the bar of the State of Texas and his reply was in the negative. That, in view of petitioner's answers to the foregoing questions, the Board of Bar Examiners of the State of New Mexico did not further inquire into the moral character of petitioner, in that it was apparent that petitioner was not qualified for admission on motion to

the bar of the State of New Mexico, by reason of not having been engaged in the practice of law for at least 7 of the 8 years preceding his application for admission to the bar of the State of New Mexico. * * *"

Petitioner, by affidavit, has responded to the affidavit of the member of the Board, and in Petitioner's affidavit he gives the following as his version of the interview:

" * * * that at the time of his appearance before the Board of Bar Examiners, questions were asked of him by the interrogating member of the Board, relating to the duties of his employment for the period of time throughout the seven years prior to the date of his application. That affiant stated in response to these questions that he examined deeds, deeds of trust, real estate contracts, wills, mortgages, and other documents relating to real estate titles to determine their legal sufficiency and whether or not they were adequate to transfer legal title to and from the parties named in each. That he examined records in the county clerk's offices and made decisions as to the validity of instruments pertaining to real estate. He then rendered legal opinions on the sufficiency of the title of a great many parcels of land in order to determine the insurability of the title. Based upon affiant's opinion, title insurance was either written insuring the title to the parcels or it was not written until corrections were made to perfect the title. Following this explanation, the interrogating Board member then asked if affiant had held himself out generally as an attorney in the general practice of law during this period of time. Affiant answered 'no, not in the sense in which you are asking it.' No further questions were asked about affiant's work in Texas or New Mexico and no questions were asked of affiant concerning his moral character or touching upon his moral or ethical qualifications. Affiant estimates that the interview before the Board lasted for a total of ten minutes."

The members of the Board were present at the interview and heard questions asked of and answers given thereto by Petitioner. By letter dated October 15, 1969, Petitioner was informed:

"The following is an excerpt from the minutes of the meeting of the Board of Bar Examiners, held September 26, 1969, in Albuquerque, New Mexico:

" 'No. 2173. Edmond B. Chapman, Jr. Upon motion duly made, seconded and unanimously passed, the application for admission on motion was denied on the ground that Mr. Chapman has not actively ana continuously engaged in the practice of law for at least seven of the eight years immediately preceding the filing of his application, and he has failed to carry the burden of proof in satisfying the Board that he does meet that requirement.' "

■ The burden was on Petitioner to present facts which would warrant the Board in recommending his admission on motion. The Board decided the facts presented did not warrant such a recommendation. We will overturn the judgment of the Board only to correct an injustice, or when convinced the ruling of the Board is not well-founded. Sparkman v. State Board of Bar Examiners, 77 N.M. 551, 425 P.2d 313 (1967). Under the facts, we are unable to say an injustice was done Petitioner, or the ruling of the Board was not well-founded.

Petitioner is now contending the Board's decision was inadequate because it " * * * failed to state with particularity in what respect petitioner has failed to meet with the requirements of Rule II, Paragraph 10."

■ We cannot agree. In fact Petitioner in no way questioned the decision of the Board until after reading the opinion in Harty v. Board of Bar Examiners, 81 N.M. 116, 464 P.2d 406 (1970), which was not issued until January 26, 1970, some three months after the date of the letter advising him of the Board's decision. It was not until February 18, 1970, that he wrote the Board as follows:

"In view of the decision of the Supreme Court of New Mexico, in the case of William G. Harty, Petitioner, vs. Board of Bar Examiners of the State of New Mexico, Respondent, Original Proceeding No. 8877, it is respectfully requested that the Board permit this applicant to appear before it at its meeting, Saturday, February 28, 1970, for the purpose of giving further evidence which will permit the Board, in its discretion, to waive the taking of Bar Examination pursuant to Rule 11, Section 10, of Rules Governing Board of Bar Examiners."

The Board denied the request on the grounds that " * * * its decision of September 26, 1969, became final some time ago and that there are no proper grounds for reconsideration or reopening."

We are unable to say the Board abused its discretion or acted improperly in refusing to permit Petitioner to give further evidence in support of his application.

■ Petitioner also urges that "Rule II, Paragraph 10 is in violation of the 14th Amendment of the Constitution of the United States." He predicates this position upon the following language taken from Rask v. Board of Bar Examiners, 75 N.M. 617, 409 P.2d 256 (1966): " * * * Absent some sort of guidelines, we are inclined to believe that the rule as phrased becomes almost an arbitrary power and cannot be reconciled under the due-process clause. * * * "

He argues:

"The Board's conclusion that Petitioner had not actively and continuously engaged in the practice of law was a determination made without any facts to support it, and the Rule permits the Board such broad discretion that the power granted to the Board is arbitrary and should not be permitted, particularly where no facts are given by the Board to support the Board's determination. * * * "

He then cites Ross v. State Board of Bar Examiners, 78 N.M. 747, 438 P.2d 157 (1968); Warren v. Board of Bar Exami-

ners, supra; and Harty v. Board of Bar Examiners, supra, as establishing a pattern which covers his claimed practice of law. He urges that to now deviate from that pattern by denying his application for admission on motion would be to deny him the benefit of the equal protection clause of the Fourteenth Amendment.

We are unable to agree with this argument. As already stated, the burden was on Petitioner to establish by facts that his claimed practice of law brought him within the seven years' practice provision of the rule. The above recited facts, taken from his sworn application, together with his statement to the Board at the time of the interview, as shown by the Board member's affidavit to which reference is above made, clearly show he did not meet the seven year practice provision of the rule, and he was so advised by the Board in its letter of October 15, 1969.

The decision of the Board of Bar Examiners is affirmed, and, consequently, the Petition filed in this court is denied.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.