503 P.2d 1160

**Edward Grimm LUCIUS, Petitioner,**

v.

**STATE BOARD OF BAR EXAMINERS of the State of New Mexico, Respondent.**

No. 9494.

Supreme Court of New Mexico.

Dec. 8, 1972.

Edward Grimm Lucius, pro. se.

Jerry Wertheim, Byron L. Treaster, Santa Fe, for respondent.

## OPINION

MONTOYA, Justice.

The appellant, hereinafter called "Petitioner," filed his petition asking this court to review and reverse the decision of the State Board of Bar Examiners, hereinafter referred to as the "Board," which refused to recommend petitioner for admission to the Bar on motion, and to direct the Board to move his admission. In the alternative, Petitioner asked that this court order his admission under its inherent and plenary powers.

On April 29, 1971, Petitioner filed with this court an application seeking his admission upon motion to be licensed by this court to practice law in this State, in accordance with the Rules Governing Bar Examiners, Bar Examinations and Admission to the Bar of the State of New Mexico, effective April 10, 1970.

The Board met with Petitioner for an informal hearing or interview on October 21, 1971, following the Board's receipt of a report from the National Conference of Bar Examiners concerning Petitioner's application. At this time the Chairman of the Board stated to Petitioner that the Board was not satisfied that Petitioner had met the "seven year" requirement of Rule II(C) 18(b) of the aforementioned Rules. Accordingly, the Chairman asked Petitioner to:

"give us detailed proof in any manner that you see fit. What we would like to do, what we suggest is that you think long and hard and look at your books of account, etc., and give us, if possible, the names and addresses of your clients during that time, and precisely what you did for them. In other words, what contract you drew, what will you drew, what trust instrument, what cases, if any, what appellate cases. And that you also give us some idea of your honest estimate of the percent of your time that you devoted to the law business."

This "additional statement," filed by Petitioner on November 5, 1971, covered the period from September 1968, to June 1970.

In support of his petition and in reply to the Board's request for an "additional statement," Petitioner supplied the Board with the names of only four clients whom he represented during the approximate twenty-month period in question. One client, now deceased, was advised concerning estate planning, the other three, paternal aunts of Petitioner, had their federal income tax returns compiled by Petitioner.

In addition, Petitioner recounts preparing federal income tax returns for "five building corporations," representing various "sellers of residences," drafting six wills and one codicil, and "various miscellaneous documents for various clients."

The record further reveals the following:

1. Petitioner appended to his application three letters from Chicago circuit court judges, but when asked to name litigants whom he had represented before these judges, Petitioner was unable to provide any such names.

2. Petitioner asserted that much of his practice was in appellate courts, but when asked to name the appellate matters with which he was involved in Illinois, Petitioner admitted that his appellate practice had ended prior to September 1, 1968.

3. At the oral hearing, Petitioner implied that his legal practice ceased to be "active" in the summer of 1969. Petitioner specifically stated: "I would say I was pretty active until the point where—I forget just exactly when it was—around the summer of the year before I came here permanently—while I was going back and forth quite a bit. Then it was just a matter of winding things up and getting papers back to people."

4. Petitioner stated that, since September of 1968, he had not maintained a formal law office.

5. Petitioner admitted that, during the time period in question, he was not listed in the Chicago telephone directory as an attorney.

The Board's decision denying Petitioner's application for admission on motion was made on March 20, 1972. The Board found that Petitioner had not:

"1. * * * engaged in the fulltime practice of law, as required by Rule II C 18 (b), for at least seven of the eight years immediately preceding the filing of his application. . . .

"2. * * * the applicant has failed to meet the burden * * * to establish his qualifications for admission on motion in that he has failed to demonstrate to the satisfaction of the Board his professional competence."

From that ruling this appeal ensued.

The record shows that Petitioner successfully passed the Illinois Bar Examination and actively practiced law in Illinois from 1941 to 1958, except for a short period of military service. From 1958 to 1962, Petitioner was employed as a Trust Officer in a small Chicago bank. Petitioner claims that, from 1962 until one year immediately preceding the filing of this petition, he was actively engaged in a full-time practice of law in his native state of Illinois. Petitioner, having conceded that the year immediately preceding the filing of this application was an inactive one, must, for the purpose of the applicable rule, have been actively and continuously in the full-time practice of law from April 1964, to April 1970. The Board was specifically concerned with the twenty-month period from September 1968, to June 1970.

Rule 20 of the Rules Governing Bar Examiners states in part:

"* * *. In every case the burden shall be on the applicant to establish his qualifications for admission on motion."

This court, in Sparkman v. State Board of Bar Examiners, 77 N.M. 551, 425 P.2d 313 (1967), held:

"* * * we will not overturn the judgment of the Board except to correct an injustice, or unless we are convinced that the ruling of the Board was not well founded."

See also Chapman v. Board of Bar Examiners, 82 N.M. 306, 481 P.2d 94 (1971).

This court recognizes that it has ultimate responsibility to grant or withhold the rights of admission to the practice of law. Application of Sedillo, 66 N.M. 267, 347 P.2d 162 (1959). This responsibility was exercised to reverse a decision of the Board in Rask v. Board of Bar Examiners, 75 N.M. 617, 409 P.2d 256 (1966), wherein we were emphatic in stating:

"* * *. We would emphasize, however, that no person applying for admission on motion has, under our rules, an absolute right to be admitted. He must satisfy this court that he is qualified in all respects so as to meet the high standards of the New Mexico Bar. In determining whether or not he should be admitted, this court, as it has in the instant case, will always give the most serious consideration to the recommendations of the Board, and will overrule them only when unalterably convinced that they are not well-founded."

In his appeal, Petitioner asserts that this State's "seven-year" requirement contravenes his right to due process and equal protection of the law, citing Willner v. Committee on Character and Fitness, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed. 2d 796 (1957); Douglas v. Noble, 261 U.S. 165, 43 S.Ct. 303, 67 L.Ed. 590 (1923); and Dent v. State of West Virginia, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (1889). All of the cited cases are distinguishable on the facts from the case at bar, and considered the question of due process in relation to admission to the practice, or the

taking of the examination for admittance to a profession under different circumstances than exist in the instant case.

It is the avowed purpose of the rule allowing application upon motion to maintain the high standards of the New Mexico Bar, to insure legal competency, and to grant such admission "only in those cases where the public interest will be furthered by permitting such admission * * *." Rule II(C)18, supra. This process of admission is not a matter of right. The "seven-year" rule is a permissible standard by which to judge an applicant's proficiency in the law and up-to-date professional competence. Furthermore, an examination of this period furnishes a "rational connection" with the applicant's fitness or capacity to practice law. See Schware v. Board of Bar Examiners, supra.

■ Nor has Petitioner been denied his procedural right of due process. The Board afforded Petitioner a full hearing with ample opportunity to present evidence and testimony in his behalf. Further opportunity to present documentary evidence was given Petitioner in his original application and his "additional statement." There is no evidence that the standards set forth in Schware v. Board of Bar Examiners, supra, in either content or operational effect, operate to arbitrarily deprive Petitioner of due process of law, or to discriminate against Petitioner in a manner which would violate his right to equal protection of the law.

Petitioner's claim, that the Board departed from a prior uniformity of interpretation of the rules of admission upon motion, is not well founded. The cases Petitioner cites as controlling concern themselves with facts that are distinguishable from the instant case. Harty v. Board of Bar Examiners, 81 N.M. 116, 464 P.2d 406 (1970); Ross v. State Board of Bar Examiners, 78 N.M. 747, 438 P.2d 157 (1968); Warren v. Board of Bar Examiners, 75 N. M. 627, 409 P.2d 263 (1966); Rask v. Board of Bar Examiners, supra. Warren, Ross

and Harty involved applicants who had fully accounted for their activities for the previous eight years, but were involved in vocations other than the private practice of law. Rask involved an applicant who complied with the required time period and, in that case, this court concerned itself with defining the then applicable "exceptional circumstances" clause.

In fact, this court in Sparkman v. State Board of Bar Examiners, supra, stated: " * * *. We consider that each case must be examined in the light of its own facts. * * *"

■ It is clear from the record that Petitioner has failed to sustain his burden of proof regarding the required seven out of eight years in the active practice of law. The Board's grounds for denying Petitioner's application were, as discussed above, set out with specificity. The virtual paucity of independent evidence to satisfy the burden of proof resting upon Petitioner compels the conclusion that the decision of the Board must be affirmed.

■ Petitioner also contends that his activity during the twenty-month period in question complies with the meaning of the phrase "full-time practice of law." This court has not had the opportunity to interpret this phrase. In Appeal of Rogers, 192 Md. 737, 83 A.2d 517 (1946), the Maryland Court of Appeals, in applying a statute similar to New Mexico's Rule, stated:

" * * *. The information before us shows that his practice during that period [five-year statutory period] was more or less of a desultory nature consisting of a few cases, none of which apparently were tried in Court, and an occasional consultation, and some debt collections.

"We must therefore conclude that the petitioner was not 'actively and continuously engaged in the practice of law' * * *."

In Petitions of Jackson and Shields, 95 R. I. 393, 187 A.2d 536 (1963), the Rhode

Island Supreme Court held, in defining the word "actively," that:

"* * *. It is our opinion that in the instant context engagement in the active general practice means a showing that the legal activities of the applicant were pursued on a full-time basis and constituted his regular business."

In the latter case, the Rhode Island court was considering the applications of two men who had been engaged in the practice of law in a very specialized area, governmental service as Assistant Secretary of the Navy and Legal Officer in the United States Navy, respectively. Thus, the issue in that case was "actively" engaged in the practice of law as that relates to a "general practice" of law. While we generally agree with the statement made in Petitions of Jackson and Shields, supra, on the facts the Appeal of Rogers, supra, is clearly more analogous. Petitioner, as did Mr. Rogers, apparently engaged in a practice "consisting of a few cases, none of which apparently were tried in Court, and an occasional consultation, * * *." Appeal of Rogers, supra. This court's language in Sparkman v. State Board of Bar Examiners, supra, where we quoted from People v. La Barre, 193 Cal. 388, 224 P. 750 (1924), states the rule with which we agree, as follows:

"'The phrase "actual practice" is open but to one construction. It is the opposite of casual or occasional or clandestine practice, and carries with it the thought of active, open, and notorious engagement in a business, vocation, or profession. * * *'"

 Finally, Petitioner contends that his twenty-odd years practice over a lifetime should be sufficient to comply with the "spirit" of the Rule, and that this court should grant his admission on its own authority. Suffice it to say that this is not the procedure we follow in New Mexico. We have charged the Board with the onerous task of protecting the public interest by maintaining a conscientious and zealous watch upon the standards to be met

by those who would point to membership in our Bar as testimony of their professional competence. As mentioned above, this court will not overrule their decision unless "unalterably convinced" that they have abused that responsibility. Furthermore, the Rules Governing Bar Examiners, as then promulgated by us, sufficiently stated this court's view as to the standards we had adopted, and served to give notice to all who would choose to seek admission by motion.

The decision of the Board will be affirmed and the Petition filed herein will be denied.

It is so ordered.

COMPTON, C. J., and OMAN, J., concur.