**Jacob E. PACHECO, on behalf of himself and all others similarly stituated, Plaintiff,**

**v.**

**Hon. J. C. COMPTON et al., Defendants.**

**Civ. No. 9576.**

United States District Court,
D. New Mexico.

March 1, 1973.

Jacob E. Pacheco, pro se.

Allen C. Dewey, Jr., Albuquerque, N. M., for defendants.

Before SETH, Circuit Judge, and PAYNE and MECHEM, District Judges.

## ORDER

PER CURIAM.

Having four times failed to achieve a passing score on the written bar examination for the State of New Mexico, plaintiff seeks relief in United States District Court in the form of a mandatory injunction requiring the New Mexico Supreme Court to establish procedures for review, including regrading, of plaintiff's examination papers.

Plaintiff prosecutes this action pro se on behalf of himself "and all others similarly situated" against the Justices of the Supreme Court of New Mexico and the members of the New Mexico State Board of Bar Examiners claiming a violation of his constitutional rights under 28 U.S.C. § 1343 which confers on the United States District Courts original jurisdiction over deprivations of civil rights under color of state law, 42 U.S. C. § 1983, the Civil Rights Act of 1871.

The thrust of plaintiff's contentions is that he was denied due process of law and equal protection of the law because of the failure of the current Rules Governing Bar Examiners, Bar Examinations and Admissions to the Bar of the State of New Mexico to provide in detail a mode of review by the New Mexico Supreme Court for those applicants who fail the examination, whereas such a procedure is set forth in the rules for an applicant who is found by the Board to be ineligible to sit for the examination.

The complaint was challenged on the grounds that this court lacks jurisdiction over the subject matter of the action and that the complaint fails to state a claim upon which relief can be granted.

The plaintiff admits that the Supreme Court of New Mexico alone has exercised the power to admit persons to practice law in New Mexico. He further admits that he did not make an original application to the New Mexico Supreme Court. In his brief plaintiff explains he did not apply because he "would have had to either place himself in the tenuous position of admitting that he failed the examination in question but [that he] should be admitted notwithstanding such failure, or appear before the Supreme Court of New Mexico and argue without any evidence that he passed the examinations and should be admitted to practice." The plaintiff contends that the deprivation of his civil rights lies in the fact that he would not prevail in such a proceeding "since he would not be afforded the opportunity to produce testimony as to his performance on the examinations nor would he be able to confront or cross-examine the graders who assigned the scores to his answers."

We are unwilling to prophesy the type of evidentiary hearing which might be granted the plaintiff by the New Mexico Supreme Court in an original proceeding, although in light of the recent case of In the Matter of the Petition of Alarid, et al, for Court Review of the August 1972 Bar Examination Procedures and for Admission to the New Mexico Bar, No. 9580 (A Per Curiam Memorandum Opinion filed Dec. 1, 1972) [The Order of the Court is found at 505 P.2d 67], it would appear most likely plaintiff would have an opportunity to fully present his case.

In *Alarid* petitioners claimed to have been denied equal protection of the law and due process of law. They sought the right to be admitted to the Bar, or at least to have their examination papers reviewed and regraded. An evidentiary hearing was held before the New Mexico Supreme Court in which petitioners were allowed the opportunity to present evidence and cross-examine witnesses. After consideration of the record, the court concluded that the petitioners "wholly failed to establish by the

evidence the allegations of their petition . . . ." and the petition was dismissed.

 The fact that the New Mexico Supreme Court has not set forth in its rules the precise procedure to be followed in a case challenging the results of examination grading does not work a denial of due process or equal protection.

The Eighth Circuit dealt with the question of whether an applicant has a constitutional right to a regrading of a Bar examination in Feldman v. State Board of Law Examiners, 438 F.2d 699, 703 (1971). In that case the petitioner had twice failed the bar examination and, instead of sitting for a third examination as is permissible under Arkansas Supreme Court Rules, he sought mandatory injunctive relief in the form of an order by the United States District Court appointing an *ad hoc* grader or committee of impartial graders to regrade his examination papers. The Arkansas Rules provided no procedure for review of a failing grade on a Bar examination. The Eighth Circuit found that "[i]n view of the court's inherent power . . . this absence [of specific rules for review of an applicant who has failed the examination] clearly does not render sterile the court's ability to review, and if it so chooses to disregard the actions and recommendations of the Board of Law Examiners." The court continued,

Plaintiff clearly has a right to take his grievance to the Arkansas Supreme Court and the failure to provide a detailed procedure in the Rules for so doing does not render them unconstitutional; nor has plaintiff been denied either substantive or procedural due process based on a mere adverse recommendation of the Board of Law Examiners. The District Court therefore was sound in dismissing the complaint on this, if on no other ground.

The New Mexico Supreme Court has rejected adverse determinations of the Board of Bar Examiners and has admitted applicants contrary to the recommendations of the Board, Rask v. Board of Bar Examiners, 75 N.M. 617, 409 P.2d 256 (1956) and Chapman v. Board of Bar Examiners, 82 N.M. 306, 481 P.2d 94 (1971). It is recognized that both these cases involved applicants seeking admission by motion, but it is emphasized that as recently as December of 1972 the court in *Alarid, supra,* entertained an original proceeding by applicants who had failed the August 1972 written examination. Although the requested relief was denied in *Alarid,* this does not foreclose the possibility of future successful petitions.

 The proper place for this action to be presented is not in the United States District Court; plaintiff should file a petition for review with the New Mexico Supreme Court. Any action by us at this time would be premature. Now, therefore

It is ordered that the complaint of plaintiff Pacheco be and it hereby is dismissed.